Opinion
ROBERSON, P. J.
Appellants appeal from the order of the trial court imposing upon them Code of Civil Procedure section 128.5[1] sanctions in the amount of $65,000.
Background
Appellants in this appeal are Bruce M. Friedman and the Law Offices of Bruce M. Friedman, a Professional Corporation (hereafter referred to collectively as appellant). Appellant was retained by three plaintiffs to represent them in the underlying personal injury action, in which plaintiffs alleged defendants negligently drove their automobile into plaintiffs’ vehicle, injuring them. \
Defendants’ insurance company, Fireman’s Fund Insurance Group (hereafter respondent), from the outset questioned whether this accident occurred as the parties alleged.[2] The information respondent gathered during its investigation of the accident caused respondent’s investigators to come to the conclusion that the accident never occurred, or at least that it did not occur as the parties claimed. Respondent shared its information and conclusions with appellant. A report shown to appellant drafted by an accident reconstruction expert hired by respondent concluded the accident had not happened as described; however, the expert had not inspected the vehicles or visited the site of the accident, but rather based his conclusions on facts supplied by respondent’s investigator. After examining this information, appellant neither dismissed the lawsuit nor conducted his own discovery concerning the cause of the accident. When appellant failed to take any action, respondent successfully intervened in the suit, in order to protect its interests.
The matter proceeded to trial. Prior to trial, the case was sent to arbitration, during which defendants failed to appear, and the arbitrator awarded *Supp. 4 plaintiffs $12,000. The arbitration award was appealed, and the matter was rescheduled for trial in the municipal court. Prior to the commencement of the trial, appellant offered to settle his clients’ claims for $3,000 each. Respondent refused this offer.
On September 22, 1992, a couple of weeks before the trial was to commence, respondent obtained a confession from one of the defendants that there had been no accident. No disclosure of this statement was made by respondent to appellant until October 7, 1992. The following day, as the case was being called for trial, appellant appeared in court and dismissed the action.
Respondent thereafter filed a motion for sanctions against appellant in order to recover its litigation expenses, pursuant to section 128.5. The trial court heard the motion, receiving oral testimony of the parties in addition to the written motions and declarations. The trial court granted the motion, and imposed $65,000 in sanctions to be paid by appellant to respondent. Appellant filed a timely notice of appeal from this ruling.
Discussion
Appellant first contends on appeal that the court abused its discretion in awarding sanctions. Appellant contends that there was insufficient evidence of bad faith and that section 128.5 sanctions should only be imposed in the most egregious of cases.
Section 128.5 allows a trial court to “order a party, the party’s attorney, or both to pay any reasonable expenses, including attorney’s fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay.” (§ 128.5, subd. (a) .) “Frivolous” is defined as “. . . (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party.” (§ 128.5, subd. (b) (2).)
The section includes both a subjective and an objective element which must be satisfied before sanctions may be imposed. “[B]y the very language of the statute, it applies, not to all actions or tactics that are frivolous, but only to bad faith actions or tactics that are frivolous.” (Summers v. City of Cathedral City (1990) 225 Cal.App.3d 1047, 1071 [275 Cal.Rptr. 594].) “While action taken solely to harass an opponent will support a finding of bad faith as a matter of law, actions that merely lack merit, without more, will not. [Citation.]” (Stell v. Jay Hales Development Co. (1992) 11 Cal.App.4th 1214, 1233 [15 Cal.Rptr.2d 220].)
*Supp. 5 The trial court concluded appellant’s actions fell within the purview of section 128.5 based primarily on the fact that appellant had been supplied with information from respondent, including accident reconstruction reports and photographs, which led the trial court to conclude that the accident could not have occurred as alleged. The trial court also faulted appellant for failing to conduct any investigation of the information supplied by respondent in an attempt to determine the validity of respondent’s contentions. The trial court felt “that anybody of a common intelligence and the ability to think logically would have come to the conclusion that these vehicles were never in an accident with each other” based on the information supplied by respondent. In addition, the trial court was impressed by its observation that the plaintiffs’ versions of events seemed confused and contradictory (and therefore fabricated) and that appellant did not seek to dismiss the case until the very moment trial was to begin. Based on these considerations, the trial court concluded that appellant acted in bad faith in maintaining a frivolous action, and sanctions were awarded to respondent.
We disagree that the evidence indicates appellant acted in bad faith in maintaining this action. What appellant “should have known” or what appellant “should have done” is insufficient in this case to support a finding of bad faith by appellant. It is necessary that there be proof that appellant actually knew the accident report was fraudulent. All that was proven by the facts of this case is that appellant refused to believe information supplied by the opposing party and that appellant failed to perform his own investigation as to the causes of the accident. While appellant’s failure to investigate in the face of evidence adverse to his clients’ case might be proof of negligence on the part of appellant, it is insufficient to find bad faith. (See Abbett Electric Corp. v. Sullwold (1987) 193 Cal.App.3d 708, 713 [238 Cal.Rptr. 496]; Javor v. Dellinger (1992) 2 Cal.App.4th 1258, 1261 [3 Cal.Rptr.2d 662].) As the California Supreme Court stated in In re Marriage of Flaherty (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179], frivolous claims are only those “prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit.” (Italics added.) The court in that case also noted that “. . . the power to punish attorneys . . . should be used most sparingly to deter only the most egregious conduct.” (Id., at pp. 650-651.)[3] To find otherwise would have an unnecessary chilling effect on the desire of attorneys to pursue claims in their client’s interests.
No bad faith motive of appellant has been demonstrated here. All of the information related by respondent to appellant came from respondent’s *Supp. 6 own experts. In many cases, a plaintiff is confronted with evidence compiled by the opposing party, evidence which may well demonstrate the weakness of the plaintiff’s case. However, respondent has not cited any statute or case law, and we are unaware of any, that would compel an attorney to immediately investigate every item brought forth by the opposing party and then to dismiss an action if that evidence was less than absolutely compelling, or otherwise subject himself or herself to monetary sanctions for having filed or maintained a frivolous action. It must be remembered that, in the present case, the evidence presented (aside from the photographs) was the report of an accident investigator hired by respondent.
In the present case, the trial court discounted the $12,000 arbitration award by speculating that it was either the result of defendants’ failing to testify at the arbitration hearing, or that it simply was the product of an ineffective procedure designed to settle cases and little else. The fact remains, however, that the arbitrator awarded $12,000 to plaintiffs and did not question the legitimacy of the accident. Arguably, this fact assisted appellant in determining that there was a legitimate basis for pushing forward with the lawsuit in the face of respondent’s “evidence.”
While abuse of the judicial process is never to be condoned or tolerated, “. . . public policy also favors the principles of zealous representation and freedom of access to the courts. [Citation.]” (Grindle v. Lorbeer (1987) 196 Cal.App.3d 1461, 1467 [242 Cal.Rptr. 562].) To this end, “. . . an attorney needs only a reasonable and honest belief in the viability of each theory and the evidence supporting that theory, not a conviction his client will prevail, to justify filing a claim or defense. [Citation.]” (Id., at pp. 1467-1468.) To hold the contrary to be true would have an undesirable chilling effect on trial advocacy and would ultimately harm the public by unreasonably forcing lawyers to abandon or refuse to accept legitimate cases where the. evidence in their favor is debatable.
We note, again in appellant’s favor, that once appellant was confronted with evidence that would negate any honest belief in his clients’ case (the statements of one of the defendants that the accident did not occur) appellant dismissed the action the next day. Thus, once confronted with proof that the accident never occurred, appellant acted responsibly and in good faith.
Accordingly, there was insufficient evidence presented to support the trial court’s award of sanctions to respondent and against appellant.
*Supp. 7 Disposition
The order awarding sanctions is reversed. Appellant’s request for interest on the $65,000 bond he posted for appeal is denied. The matter is remanded to the trial court to determine what costs, if any, respondent should receive based on the dismissal of the underlying lawsuit. Appellant to recover costs on appeal.
Soven, J., and Watai, J., concurred.

All further statutory references will be to the Code of Civil Procedure.

A few months after the date of the alleged accident, however, respondent paid plaintiff driver’s claim for property damage to his vehicle in full.

While Flaherty concerned sanctions on appeal, subsequent cases have applied its standard to trial court sanctions as well. (See, e.g., Luke v. Baldwin-United Corp. (1985) 167 Cal.App.3d 664, 668 [213 Cal.Rptr. 654].)