Filed 12/31/14  Graham v. Graham CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MICHELLE M. GRAHAM,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL NEWT GRAHAM et al.,<br><br>  Defendants and Respondents. | B253737<br><br>(Los Angeles County<br>Super. Ct. No. BC497866) |

APPEAL from an order of the Superior Court of Los Angeles County.  Deirdre Hill, Judge.  Affirmed.

Michelle M. Graham, in pro. per., for Plaintiff and Appellant.

Victoria Silver for Defendant and Respondent Michael Newt Graham; Yee & Belilove, Steven R. Yee, Steve R. Belilove and Kevin H. Sun, for Defendants and Respondents Faith Ford and Faith Law Group.

\* \* \* \* \* \*

Can a plaintiff meet her burden to establish a probability of prevailing on a malicious prosecution claim against her stepson and his attorney for the purpose of opposing motions to strike pursuant to Code of Civil Procedure section 425.16, the "anti-SLAPP statute,"[1] where the evidence shows the defendants had probable cause to challenge the plaintiff's authority over her deceased husband's estate and did not act with malice? We hold she cannot, and therefore affirm the order granting the motions to strike.

## FACTUAL AND PROCEDURAL BACKGROUND

Michelle M. Graham (plaintiff) was married to Michael O. Graham (decedent) when he died. Soon thereafter, plaintiff's stepson, defendant Michael Newt Graham (Graham), filed two lawsuits while represented by defendants Faith Ford and her law firm, defendant Faith Law Group (collectively, Attorneys). (They filed a third lawsuit in federal court involving the proceeds of decedent's life insurance policy, but Graham prevailed in that lawsuit.)

## I.    Will contest

Graham initially believed that decedent died without a will, and retained Attorneys to petition the probate court for letters of administration. Plaintiff responded by sending Graham and Attorneys (collectively, defendants) a copy of what purported to be decedent's will, but without any witness signatures. A few weeks later, plaintiff sent the witness signature page for the will, including a signature for George Fletcher (Fletcher). However, when asked about its authenticity, Fletcher indicated that it was "not [his] signature" and that he "did not sign as a witness to [decedent's] Will." Fletcher maintained his position even after examining the original will.

Plaintiff also sent defendants what purported to be decedent's living trust, along with several quitclaim deeds ceding property to plaintiff just days before his death but not

---

[1]    SLAPP is an acronym for strategic lawsuits against public participation. All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

recorded until the day after. As with the will, plaintiff did not immediately produce a complete copy of the trust.

Defendants then filed the will contest in probate court. Once defendants obtained a copy of the trust in discovery, they hired handwriting experts. Deciding he could not afford to retain those experts to challenge the authenticity of the signatures on the will and the trust, Graham voluntarily dismissed the will contest without prejudice.

## II.     Civil action

After receiving the partial copy of trust and the quitclaim documents, defendants filed a civil action challenging these documents. This action also challenged plaintiff's right to sell the house Graham was living in. As with the probate case, Graham decided the cost of hiring experts to challenge the signatures on those documents was too high, and dismissed that action with prejudice.

## III.     Malicious prosecution lawsuit

After the probate and civil actions were dismissed, plaintiff sued Graham and the Attorneys for malicious prosecution. In response, they filed separate motions to strike pursuant to section 425.16. Following a hearing, the trial court granted the motions. The court ruled the malicious prosecution claim fell within the purview of the anti-SLAPP statute and that plaintiff failed to meet her burden to show a probability of prevailing. It reasoned that neither the will contest nor the civil action terminated in plaintiff's favor and there was no evidence of malice. With the exception of plaintiff's objection to a portion of Graham's declaration, the trial court overruled all parties' evidentiary objections.

This appeal followed.

## DISCUSSION

The anti-SLAPP statute is designed to screen out meritless lawsuits by requiring a plaintiff to make a preliminary showing that her lawsuit has merit before proceeding against a defendant for engaging in activity protected by the right to free speech or the right to petition the government. (§ 425.16, subd. (b)(1); *Taus v. Loftus* (2007) 40 Cal.4th 683, 714; *Flatley v. Mauro* (2006) 39 Cal.4th 299, 312.) The statute has two

3

procedural steps.  The moving defendant must first demonstrate that the plaintiff's lawsuit (or a portion thereof) arises from the defendant's exercise of the rights to free speech or to petition.  (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965.)  If the defendant is successful, the plaintiff must then show a probability of prevailing in the lawsuit.  (*Ibid.*)  This requires the plaintiff to "'demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' [Citations.]" (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 (*Wilson*); accord, *Hecimovitch v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 469.)  "'The plaintiff may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.'" (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1017.)

The filing of a malicious prosecution action by its nature attacks the filing of a prior lawsuit, and thus implicates the right to petition protected by the anti-SLAPP statute.  (E.g., *S.A. v. Maiden* (2014) 229 Cal.App.4th 27, 35.)  Plaintiff argues that defendants' recording of a lis pendens as an adjunct to the civil action is not protected conduct, but her complaint does not attack that conduct and the record contains no evidence of that activity.  Accordingly, the sole question raised by this appeal is whether plaintiff established a probability she would prevail in the malicious prosecution action.

We review a trial court's ruling on an anti-SLAPP motion de novo.  (*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212 (*HMS Capital*).)  We may not re-weigh the evidence; instead, we accept the plaintiff's evidence as true, and ask whether that evidence, along with the defendant's evidence, entitles the defendant to judgment as a matter of law.  (*Thayer v. Kabateck Brown Kellner LLP* (2012) 207 Cal.App.4th 141, 159; *Grewal v. Jammu* (2011) 191 Cal.App.4th 977, 989.)

Plaintiff sued Graham and the Attorneys for malicious prosecution, and she thus bore the burden of establishing a probability of prevailing on each element of that cause of action.  (*Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, 1206 [probability of prevailing on "every element" required].)  As applied to this case, plaintiff was required

to establish a probability of prevailing in her effort to prove that (1) the will contest and civil action brought by Graham terminated in a manner favorable to her; (2) Graham and the Attorneys brought and maintained the will contest and civil action without probable cause; and (3) Graham and the Attorneys acted with malice.  (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 292 [enumerating elements of malicious prosecution].)  As explained below, plaintiff failed to carry her burden with respect to the last two elements.[2]

## I.   Probable cause

Probable cause to file suit exists if "'"any reasonable attorney would have thought the claim tenable."'"  (*Plumley v. Mockett* (2008) 164 Cal.App.4th 1031, 1047-1048.)  This is a "'rather lenient standard'" (*id.* at p. 1047), and is satisfied unless "*all* reasonable lawyers agree [that the suit] totally lack[s] merit . . . ." (*Roberts v. Sentry Life Insurance* (1999) 76 Cal.App.4th 375, 382).  "To make a prima facie case of a lack of probable cause in response to the anti-SLAPP motion, [the plaintiff] must submit substantial evidence showing no reasonable attorney would have thought the [prior] action was tenable in light of the facts known . . . at the time the suit was filed [citations], or that [the defendants] continued pursuing the lawsuit after they had discovered the action lacked probable cause.  [Citation.]" (*Mendoza v. Wichmann* (2011) 194 Cal.App.4th 1430, 1449.)

### A.    *Will contest*

Plaintiff maintains that no reasonable attorney would have thought the will contest was legally tenable because she notified Graham that the decedent had a will and provided copies of the witnessed will to him.  But this argument ignores that defendants also had before them Fletcher's declaration indicating his signature had been forged.  Plaintiff's declaration that she did not personally manipulate the decedent's will or engage in any wrongdoing in connection with the will does not contradict Fletcher's

---

[2]      We accordingly have no occasion to evaluate proof of the favorable termination element.  (Accord, *Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 573 [we may affirm on any ground, whether or not relied upon by the trial court].)

declaration. Accordingly, the evidence below showed that Graham and the Attorneys had a reasonable basis to question the authenticity of the will. Under these circumstances, we cannot say as a matter of law that no reasonable attorney would have pursued a will contest. (See, e.g., *Wilson*, *supra*, 28 Cal.4th at p. 824 ["probable cause to bring an action does not depend upon it being meritorious, as such, but upon it being *arguably tenable*"].)

### B.    *Civil action*

Plaintiff also maintained that no reasonable attorney would have prosecuted the civil action. She first argues that we must reverse because the trial court considered the wrong civil action. To be sure, the court got the case number of the civil case wrong in its written opinion, but it got the name right and, more importantly, it got the merits of the case right. Further, our de novo review means we can evaluate the probable cause behind the civil action independently. Plaintiff next contends that defendants had no basis to proceed because she told them about the trust empowering her with rights over decedent's property, but she delayed in providing them with a complete copy of the trust. What is more, the timing of the execution and recording of the quitclaim deeds (right before and after decedent's death) reasonably raised legitimate questions about the authenticity of the trust—namely, why were any quitclaim deeds necessary if decedent's assets were already covered by the trust? To this day, plaintiff has not offered an explanation for their necessity. Under these circumstances, we cannot say with any confidence that no reasonable attorney would have filed an action challenging the quitclaim deeds. (*Plumley v. Mockett*, *supra*, 164 Cal.App.4th at pp. 1047-1048 ["'Attorneys and litigants . . . "'have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win'"'"].)

## II.    Malice

For purposes of a malicious prosecution action, malice is a subjective state of mind. (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 743.) Although the filing of a lawsuit that objectively lacks probable cause may be "circumstantial evidence" of malice (*Cole v. Patricia A Mayer & Associates, APC* (2012) 206 Cal.App.4th 1095,

1113-1114 (*Cole*)), it is not enough by itself to prove malice; a malicious prosecution plaintiff must adduce "additional proof" that the earlier action was (1) "*knowingly* brought without probable cause" (*ibid.*, italics added; *Sycamore Ridge Apartments LLC v. Naumann* (2007) 157 Cal.App.4th 1385, 1407-1408 [subjective awareness of meritlessness]); (2) "instituted largely for an improper purpose" (*Cole*, at pp. 1113-1114); or (3) "brought to force a settlement unrelated to its merits" (*ibid.*; see also *Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1544; *HMS Capital*, *supra*, 118 Cal.App.4th at p. 218.) The record contains no evidence of any these additional showings. To the contrary, the sole evidence bearing on Graham's and the Attorneys' intent in filing the will contest and the civil action were Graham's and Ford's declarations that they lacked any ill will.

Plaintiff suggests that malice may nevertheless be inferred from Graham's and the Attorneys' failure to obtain copies of the will and trust from other sources when she did not provide them, but less than thorough—even negligent—factual research does not constitute malice. (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 225; *Grindle v. Lorbeer* (1987) 196 Cal.App.3d 1461, 1467-1468.) Plaintiff's other suggestions of malice—including that Graham intended to delay or eliminate plaintiff's ability to exercise her rights over the decedent's property, that his actions disrupted her relationship with tenants on certain properties, that Graham dismissed the actions just before a critical deposition, and that certain properties were foreclosed upon during the pendency of the actions—are completely unsupported by the record. Without any evidence that Graham and the Attorneys acted with malice, plaintiff cannot establish a probability of prevailing on her malicious prosecution claim.

## DISPOSITION

The order granting Graham's and the Attorneys' motions to strike pursuant to section 425.16 is affirmed.  Defendants are entitled to their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT

We concur:


_____, Acting P. J.

ASHMANN-GERST


_____, J.

CHAVEZ

8